IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL SMITH, ) | | |
| ID # 42235-177, ) | | |
| Movant, ) | | |
| ) | No. 3:16-CV-1809-G-BH | |
| vs. ) | No. 3:10-CR-144-G(1) | |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 27, 2016 (doc. 1). Based on the relevant filings and applicable law, the motion should be **DENIED** with prejudice.

**I.   BACKGROUND**

Michael Smith (Movant) challenges his federal conviction and sentence in Cause No. 3:10-CR-144-G(1). The respondent is the United States of America (Government).

**A.   Conviction and Sentencing**

On May 26, 2010, Movant was charged by indictment with one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count One). (*See* doc. 1.)[2] He pled guilty to the charge on December 1, 2010. (*See* doc. 26.) He signed a factual resume setting forth the elements of Count One, the minimum and maximum penalties he faced, and the stipulated facts establishing that he committed the offense. (*See* doc. 17.)

On March 2, 2011, the United States Probation Office (USPO) prepared a Presentence

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:10-CR-144-G(1).

Report (PSR) in which it applied the 2010 United States Sentencing Guidelines Manual. (*See* doc. 24-1 at ¶ 15.) The PSR found that Movant was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), because he had at least three prior convictions for a violent felony committed on occasions different from one another: (1) burglary of a habitation, Case No. F-8778072, in Dallas County, Texas; (2) burglary of a habitation-habitual, Case No. F-8979681, in Dallas County, Texas; and (3) burglary of a habitation-enhanced, Case No. F-9234279, in Dallas County, Texas. (*See id.* at ¶¶ 23, 30-31, 33.) His offense level as an armed career criminal was calculated at 33. (*See id.* at ¶ 23.) Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. (*See id.* at 24-25.) Based on a criminal history category of VI and an offense level of 30, the guideline range of imprisonment was 168-210 months. (*See id.* at ¶ 74.) Because 180 months was the statutory minimum for the offense, the guideline range of imprisonment became 180-210 months. (*See id.*)

By judgment dated March 24, 2011, Movant was sentenced to 192 months' imprisonment, to be followed by a three-year term of supervised release. (*See* doc. 26 at 1-3.) His sentence of imprisonment was to run concurrently with any sentence imposed by the 282nd Judicial District Court of Dallas County, Texas, in Case Nos. F-1051053 and F-1051054, and consecutively to any sentence imposed for five state parole revocations. (*See id.* at 2.) Movant did not appeal his conviction or sentence to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit).

**B.** **Substantive Claim**

Movant now states the following ground for relief:

The ACCA sentence enhancement is unconstitutional under the Supreme Court's Johnson opinion.

(No. 3:16-CV-1809-G-BH, doc. 1 at 7.) The Government filed a response on August 22, 2016. (*See id.*, doc. 5.) After two stays and administrative closures pending decisions from the Fifth

2

Circuit and the Supreme Court which could affect Movant's claim, the Government filed a supplemental response on April 13, 2020. (*See id.*, docs. 8, 25, 29.) Movant filed a reply on June 1, 2020. (*See id.*, doc. 32.)

## II.     SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III.     TIMELINESS

In its supplemental response, the Government contends that Movant's claim is barred by the statute of limitations. (*See* No. 3:16-CV-1809-G-BH, doc. 29 at 3-4.)

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 354 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Under § 2255(f)(1), Movant's conviction became final on April 7, 2011, when the fourteen-day period for appealing the criminal judgment expired. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing 14 days to appeal a criminal judgment); *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that when a federal prisoner does not appeal a conviction, it becomes final for purposes of § 2255 upon the expiration of the time to file an appeal). He does not allege that government action prevented him from filing a § 2255 petition earlier. *See* 28 U.S.C. § 2255(f)(2).

Regarding § 2255(f)(3), Movant appears to rely on *Johnson v. United States*, 576 U.S. 591 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), to argue that his claim is timely "based on a new rule of law held to be retroactive by the Supreme Court." (*See* No. 3:16-CV-1809-G-BH, doc. 1 at 8; *see id.*, doc. 1 at 7.) In *Johnson*, the Supreme Court held that the imposition of

an increased sentence under the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), which defines a prior violent felony conviction to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," violates the Constitution's guarantee of due process because the residual clause is unconstitutionally vague. *Johnson*, 576 U.S. at 606. The holding of *Johnson* is retroactively available on collateral review. *Welch*, 136 S.Ct. at 1268.

The Fifth Circuit has recognized that the "threshold question to determine the timeliness of [the movant's] motion is whether he asserted a *Johnson* claim, i.e., whether he claimed that he was sentenced under the ACCA's residual clause." *United States v. Craven*, 755 F. App'x 388, 390 (5th Cir. 2018) (per curiam). It has not, however, decided "whether to timely file an initial § 2255 motion the movant need only assert a *Johnson* claim or whether he must also demonstrate that the sentencing court relied on the residual clause," or, "if the movant must make such a showing—what standard should be used to determine whether the court relied on the residual clause for *Johnson* purposes." *Id.*

Here, Movant argues that his "Texas burglary convictions should not have been used [for the ACCA sentence enhancement] because they were based on the ACCA residual clause *Johnson* held was unconstitutional." (No. 3:16-CV-1809-G-BH, doc. 1 at 7.) He received a sentence enhancement under § 924(e) of the ACCA based on his prior Texas burglary convictions. (*See* doc. 24-1 at ¶ 23.) Because Movant has alleged that he was convicted under the residual clause of the ACCA, he received an ACCA sentence enhancement, and the Fifth Circuit has not decided the requisite showing he must make to timely file an initial § 2255 motion under *Johnson*, the Court assumes for purposes of this motion only, but without deciding, that his § 2255 motion is timely under § 2255(f)(3), since it was filed within one year of the Supreme Court's decision making

*Johnson* retroactive on collateral review.

### IV. *JOHNSON* CLAIM

In his only ground for relief, Movant claims that his ACCA sentence enhancement was "based on two (2) prior Texas state burglary of a habitation convictions and one (1) prior Texas drug possession conviction in 1989 and 1999 respectfully [sic]." (No. 3:16-CV-1809-G-BH, doc. 1 at 7.) He contends that the Texas burglary convictions should not have been used to enhance his sentence under the ACCA "because they were based on the ACCA residual clause *Johnson* held was unconstitutional." (*Id.*)

Movant's ACCA sentence enhancement was based on three Texas convictions for burglary of a habitation: (1) burglary of a habitation in 1987; (2) burglary of a habitation-habitual in 1989; and (3) burglary of a habitation-enhanced in 1993. (*See* doc. 24-1 at ¶¶ 23, 30-31, 33.) His sentence enhancement was not based on any state drug possession conviction. (*See id.* at ¶ 23.) His § 2255 motion is therefore liberally construed as challenge the use of the three burglary convictions as ACCA predicates under *Johnson*.

The ACCA defines a "violent felony" for purposes of a sentence enhancement as a "'crime punishable by imprisonment for a term exceeding one year' that: (1) 'has as an element the use, attempted use, or threatened use of physical force against the person of another' ('the elements clause'); (2) 'is burglary, arson, or extortion, [or] involves [the] use of explosives' ('the enumerated offenses clause'); or (3) 'otherwise involves conduct that presents a serious potential risk of physical injury to another' ('the residual clause')." *United States v. Medina*, 800 F. App'x 223, 225 (5th Cir. 2020). *Johnson* held that the residual clause was unconstitutional, but it expressly did "not call into question application of the [ACCA] to the four enumerated offenses,"

6

which include burglary, "or the remainder of the [ACCA's] definition of a violent felony."[3] *Johnson*, 576 U.S. at 606. Under the enumerated offenses clause, the "Supreme Court has interpreted burglary in 924(e) in terms of its modern 'generic' usage." *United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008) (citing *Taylor v. United States*, 495 U.S. 575, 598 (1990) (requiring that the state burglary statute contain at least the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.")). The Fifth Circuit has found that all three provisions of the Texas burglary statute constitute generic burglary for purposes of the enumerated offenses clause of the ACCA.[4] *See United States v. Herrold*, 941 F.3d 173, 182 (5th Cir. 2019), cert. denied, 141 S. Ct. 273 (2020).

Because Movant's three prior convictions under the Texas burglary statute constitute generic burglary under the enumerated offenses clause of the ACCA, they qualify as predicates for a sentence enhancement under the ACCA, even post-*Johnson*. Because he has failed to show any sentence error or prejudice under *Johnson*, he is not entitled to § 2255 relief even if his motion is timely, and his claim should be denied.

## V.  EVIDENTIARY HEARING

Movant requests an evidentiary hearing before this Court on his claim. (*See* No. 3:16-CV-1809-G-BH, doc. 1 at 10.) No evidentiary hearing is required when "the motion and the files and

---

3 After *Johnson*, "[a] violent felony is one of a number of enumerated offenses or a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person of another'[.]" *United States v. Moore*, 711 F. App'x 757, 759 (5th Cir. 2017).

[4] Under the Texas burglary statute,

    (a) A person commits an offense if, without the effective consent of the owner, the person:
        (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
        (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
        (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Pen. Code § 30.02(a).

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).  A movant "is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of [his] allegations.'" *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citation omitted).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue.  He also has failed to come forward with independent indicia in support of the likely merit of his claims.  *See id.*  Movant has therefore failed to demonstrate he is entitled to an evidentiary hearing on his claim.

## VI. RECOMMENDATION

The *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on June 27, 2016 (doc. 1), should be **DENIED** with prejudice.

**SIGNED this 6th day of October, 2021.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE